IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01107-RM

KEVIN FAUCHER,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security,

    Defendant.

## ORDER

Plaintiff seeks judicial review of Defendant's denial of his application for Disability Insurance Benefits and Supplemental Security Income Benefits. The Court has reviewed the pleadings, case file, and applicable law and now affirms Defendant's decision for the reasons below.

**I.     BACKGROUND**

Plaintiff filed his application in June 2016, alleging disability beginning on July 31, 2015. (Admin. R. ("Tr.") 16.) Plaintiff's application was denied, and he requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Following a hearing on April 11, 2018, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act and denied his application. (Tr. 26.)

In reaching his decision, the ALJ followed the five-step process for evaluating disability

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d). Section 205(g) of the Social Security Act states that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security. 42 U.S.C. § 405(g).

claims.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 18.)

At step two, the ALJ determined Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the cervical, thoracic, and lumbar spine; (2) arthrosis of the bilateral hips; (3) depressive disorder; (4) anxiety disorder; and (5) alcohol abuse. (*Id.*)

At step three, the ALJ determined Plaintiff's impairments, considered independently and in combination, did not meet or medically equal the severity of a listed impairment.  (Tr. 19.)

Before reaching step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to some limitations.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).  The ALJ further limited Plaintiff's RFC as follows:

> [Plaintiff] can lift and/or carry twenty pounds occasionally and ten pounds frequently and push/pull as much as can lift/carry.  [Plaintiff] can sit for six hours in an eight-hour workday.  [Plaintiff] can stand and/or walk for four hours in an eight-hour workday.  [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can frequently climb stairs/ramps.  He can occasionally kneel, crawl, stoop and crouch.  He requires no exposure to unprotected heights or moving machinery.  [Plaintiff] can occasionally be exposed to excessive vibration. [Plaintiff] is capable of jobs learned between one and three months.  He can frequently have contact with the general public.

(Tr. 21.)

At step four, the ALJ determined Plaintiff could not perform any past relevant work. (Tr. 24.)

But at step five, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, he could perform other jobs existing in significant numbers in the national economy. (Tr. 25.)

Plaintiff requested review of the ALJ's decision, but the Appeals Council denied such review (Tr. 1), making the ALJ decision the final opinion of the Commissioner. *See* 20 C.F.R. § 404.981.

## II.    LEGAL STANDARD

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). To determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case. *Id.* "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

## III.   DISCUSSION

Plaintiff argues that the ALJ erred by giving more weight to the examining and agency physicians' opinions than he gave to Plaintiff's treating physicians' opinions. (ECF No. 17 at 4,

3

12.)  In response, the Commissioner contends that the ALJ reasonably evaluated the medical opinions, and that substantial evidence supports his findings.  (ECF No. 18 at 6.)

Medical opinions must be evaluated by an ALJ in accordance with factors contained in the regulations.  *Fuller v. Astrue*, 766 F. Supp. 2d 1149, 1156 (D. Kan. 2011) (citing 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2-3 (July 2, 1996)).  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (citation omitted); 20 C.F.R. §§ 404.1527(d)(2-6).  The ALJ need not discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2008), but he "must be 'sufficiently specific' to permit meaningful" review.  *Guilano v. Colvin*, 577 F. App'x 859, 861-62 (10th Cir. 2014) (unpublished) (citation omitted).

Typically, a treating physician's opinion is given "controlling weight if it is 'supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.'"  *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1176 (10th Cir. 2014) (quoting *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004)).  If the ALJ gives less weight to a treating physician's opinion, "the ALJ must explain what weight, if any, was assigned to the opinion using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927."  *Knight*, 756 F.3d at 1176-77 (quotation and citation omitted).

Here, evidence of record includes medical source opinions from four providers.

### A.  Dr. Crance

In August 2016, Dr. Courtney Crance examined Plaintiff and issued a medical source opinion describing that Plaintiff's main complaint was back pain but that he was independent in all activities of daily living.  (Tr. 508-517.)  The ALJ gave this opinion "significant weight" but disagreed with the scope of Dr. Crance's opinion on Plaintiff's lifting and carrying exertional range.  (Tr. 23.)  In determining what weight to give this opinion, the ALJ explicitly considered the degree to which relevant evidence supported the opinion and the consistency between the opinion and the record as a whole.  (*Id.*)

Plaintiff argues that the ALJ did not have a valid reason for assigning significant weight to this opinion.  (ECF No. 17 at 5.)  However, as the Commissioner points out, the ALJ considered the relevant factors in making his determination.  Moreover, the ALJ need not "apply expressly" each factor in deciding what weight to give a medical opinion.  *See Oldham*, 509 F.3d at 1258.  Accordingly, the Court finds no reversable error in the weight given Dr. Crance's opinion.

### B.  Dr. Wismann

In September 2017, Dr. Andrea Wismann, Plaintiff's treating physician, issued a physical medical source statement discussing Plaintiff's functional limitations.  (Tr. 527-530.)  Dr. Wismann opined that Plaintiff can lift 15 pounds up to one-third of a workday, sit for four hours and stand for two to five hours in an eight-hour workday, and he can never stoop, squat, or crawl.  (*Id.*)  The ALJ gave this opinion "little weight" because it is inconsistent with Dr. Wismann's own examination findings, Plaintiff's treatment history, and the record as a whole.  (Tr. 24.)

Plaintiff argues that Dr. Wismann's opinion should have controlling weight based on their treatment relationship.  (ECF No. 17 at 6.)  Indeed, when a treating physician's opinion is

not inconsistent with other substantial evidence in the record, it is given greater weight.  Yet that is not the case here.  In weighing this opinion, the ALJ specifically referenced various occasions Plaintiff presented to Dr. Wismann for evaluation and had normal range of motion, balance, gait, and coordination.  (Tr. 22.)  While Dr. Wismann noted some abnormal findings during examination based on Plaintiff's complaints of mild pain, lumbar tenderness, and minor pain with range of motion, there is no indication that those subjective allegations would lead to severe impairments or that they are supported by evidence in the record.

In the ALJ's view, the evidence of record contradicts Dr. Wismann's findings.  And it is the ALJ, not a physician, who "is charged with determining a claimant's RFC from the medical record."  *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).  Whether it is possible to reach a different conclusion from the evidence does not prevent the ALJ's findings from being supported by substantial evidence.  *See Lax*, 489 F.3d at 1084.  Thus, the Court finds no error in the weight given Dr. Wismann's opinion.

**C.     Dr. Madsen**

In August 2016, Dr. Richard Madsen evaluated Plaintiff for psychological impairments.  (Tr. 500-507.)  Dr. Madsen opined that Plaintiff had an anxious and depressed mood but was fully oriented and his thought process was logical and relevant.  (Tr. 501.)  The ALJ gave this opinion "some weight" as it is not entirely consistent with Dr. Madsen's examination findings or the record as a whole.  (Tr. 23.)  Specifically, the ALJ explained that the evidence did not support moderate limitations with performing simple repetitive tasks.  (*Id.*)

Plaintiff argues that the ALJ did not give appropriate deference to Dr. Madsen's examining physician status in reaching his decision.  (ECF No. 17 at 13.)  However, the ALJ thoroughly discussed the relevant evidence in evaluating this medical opinion.  Plaintiff has

6

failed to identify any specific limitations associated with his impairments which the ALJ neglected to consider. Plaintiff merely wants the Court to reweigh the evidence, which it will not do. *See Wall*, 561 F.3d at 1052. The ALJ found that the medical record as a whole controverts the limitations set forth in Dr. Madsen's opinion. Moreover, the ALJ's discussion is sufficiently specific, and his determination is based on appropriate evidence. Thus, the Court finds no error in the weight given Dr. Madsen's opinion.

### D. Dr. Ryan

In August 2016, Dr. Ellen Ryan, a State Agency psychological examiner, opined that Plaintiff has the mental ability to perform work involving some skills but not involving more complex duties. (Tr. 137.) The ALJ gave this opinion "significant weight" as it is consistent with record as a whole. (Tr. 23.)

Plaintiff argues that the ALJ failed to consider that as a non-examining medical advisor, Dr. Ryan's opinion should have been given little weight overall. (ECF No. 17 at 17.) While the Court agrees that the opinion of a physician who has never seen Plaintiff "is generally entitled to the least weight of all," *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004), the ALJ evaluated Dr. Rayn's opinion against the record evidence and did not rely solely on the treatment relationship in making his RFC determination. Plaintiff has not made any showing that his symptoms are inconsistent with his ability to perform light work or that the ALJ applied an incorrect legal standard in his evaluation. Nor has Plaintiff identified substantial evidence in the record that his psychological impairments prevented him from working. Accordingly, the ALJ did not err by giving significant weight to Dr. Ryan's opinion.

## IV. CONCLUSION

Based on the foregoing, the Court AFFIRMS the Commissioner's decision.

DATED this 2nd day of August, 2021.

                                                BY THE COURT:

                                                _____

                                                RAYMOND P. MOORE
                                                United States District Judge